UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

___

Sorna Corporation,

        Plaintiff,

v.  (Jury Trial Demanded)

Nautilus Medical,

        Civil Case No.

        Defendant.

___

**COMPLAINT**

Plaintiff Sorna Corporation, (hereinafter "Sorna" or "Plaintiff") for its Complaint against Defendant Nautilus Medical, Inc. (hereinafter "Nautilus" or "Defendant") states and alleges as follows.

**THE PARTIES**

1. Plaintiff Sorna is a Minnesota Corporation with its principal place of business in Eagan, Minnesota.

2. Upon information and belief, Defendant Nautilus is an Illinois corporation with its principal place of business at 117 South Cook Street, Barrington, IL 60010.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over this matter based on the complete diversity of citizenship of the parties, pursuant to 28 U.S.C. § 1332, and supplemental jurisdiction under 28 U.S.C. § 1367.

4. The parties litigated a patent dispute in United States District Court for the District of Minnesota, *Sorna Corporation v. Nautilus Medical, Inc.,* Case No. 11-cv-01953 (MJD/JSM) (hereinafter "The Patent Case").

5. The Patent Case was settled after a settlement conference with Magistrate Judge Janie S. Mayeron of United States Court for the District of Minnesota in St. Paul, Minnesota on June 7, 2012 and memorialized in a binding and enforceable settlement agreement entered into between the parties on July 1, 2012 (hereinafter "The Settlement Agreement"). The parties entered into The Settlement Agreement with the benefit of advice of counsel. The Settlement Agreement required that certain financial terms be kept confidential so The Settlement Agreement is being filed under seal as Exhibit A to this complaint.

6. The Settlement Agreement gave Nautilus the benefit of a non-exclusive license to the Sorna patents in exchange for the payment of certain ongoing royalties.

7. The Settlement Agreement also gave Sorna the right to conduct an audit of Nautilus' performance under the Settlement Agreement and have an independent third-party auditor perform an audit to verify the accuracy of the reports and payments to Sorna.

8. The Settlement Agreement also provided that that the United States District Court for the District of Minnesota should retain jurisdiction to enforce the Settlement Agreement.

9. On June 25, 2019 Sorna through its legal counsel sent Nautilus proper notice of its intent to conduct an audit. On October 30, 2019 the auditor, Michael J. Barrett of the Certified Public Accounting firm of Manzanac, Bauer & Associates, P.L.C. sent Nautilus a request for specific information. Despite these requests and numerous follow up requests to Nautilus from Sorna's legal counsel, Nautilus has ignored the requests and failed to provide any information or to communicate in any way with the auditor.

10. Upon information and belief Nautilus has failed to pay Sorna the full amount owed under the Settlement Agreement.

11. Upon information and belief the amount in controversy in this action exceeds the monetary sum of SEVENTY FIVE THOUSAND AND 00/100, ($75,000.00).

## COUNT I BREACH OF CONTRACT

12. Sorna realleges and incorporates as if set fully forth herein the allegations set forth in ¶¶ 1-11.

13. Nautilus' refusal to abide by the terms of the Settlement Agreement with regard to the audit and payment of the correct amounts is a breach of the Settlement Agreement.

14. As a direct and proximate result of Defendant's breach, Sorna has been damaged in an amount of at least $75,000 with an exact amount to be proven at trial.

## COUNT II SPECIFIC PERFORMANCE

15. Sorna realleges and incorporates as if set fully forth herein the allegations set forth in ¶¶ 1-14.

16. Defendant's failure to provide any information or cooperation with regard to the audit under the Settlement Agreement is a breach of the Settlement Agreement that cannot be adequately remedied by the payment of monetary damages.

17. The Court should order Defendant and its management to provide all information reasonably required by the auditor.

## COUNT III DECLARATORY JUDGEMENT

18. Sorna realleges and incorporates as if fully set forth herein the allegations set forth in ¶¶ 1-17.

19. The Court should declare that Defendant must take all necessary and reasonable steps to fulfill the past and future requirements of the Settlement Agreement, including but not limited to its obligations with regard to audit and payment of royalties.

## COUNT IV BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

20. Sorna realleges and incorporates as if set fully forth herein the allegations set forth in ¶¶ 1-19.

21. Every contract in Minnesota, including the Settlement Agreement, carries a duty of good faith and fair dealing by operation of law.

22. Defendant's post settlement agreement conduct, particularly Defendant's refusal to provide any information or cooperation with regard to the audit, is a breach of its duty of good faith and fair dealing.

23. As a direct and proximate result of Defendant's breach, Sorna has been damaged in the amount of at least $75,000. .

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Sorna prays that the Court enter judgment in its favor and against Nautilus, as follows:

A. To enter an order requiring Nautilus and its respective officers, agents, servants, and employees, and attorneys, and all persons in active concert or participation with any of the foregoing, and all parties contemplated by Rule 65(d) Fed.R.Civ.P. to provide all information reasonably required by the auditor, and to be preliminarily and permanently enjoined from further breach of the Settlement Agreement.

B. Judgment against Nautilus in the amount of at least $75,000, with an exact amount to be proven at trial.

C. Costs and attorney's fees as provided for in the Settlement Agreement.

      D.     All other Disbursements, pre-judgment, and post-judgment interest.

E.     For such further relief the Court deems to be just and equitable.


Dated: January 15, 2020                By:/s/ Frank S. Farrell

                                       **F.S. FARRELL, LLC**
                                       Frank S. Farrell (MN #28447)
                                       11522 Welters Way
                                       Eden Prairie, MN  55347
                                       Telephone: (612) 803-8999
                                       frank@fsfarrell.com

                                       **ATTORNEY FOR PLAINTIFF SORNA**